IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

```
                                 *
DENISE M. BIDDISON, ET AL.,
                                 *
      Plaintiffs
                                 *      CIVIL NO.: WDQ-05-2841
V.
                                 *
CBM MAINTENANCE, INC.,
      ET AL.,                    *

      Defendants                 *

*      *      *      *      *      *      *      *      *      *      *      *      *
```

MEMORANDUM OPINION

Denise M. Biddison and others,[1] (the "Employees") have sued,

*inter alia*,[2] CBM Maintenance, Inc., ("CBM") for failing to

properly and timely pay overtime wages in violation of the Fair

Labor Standards Act, 29 U.S.C. § 201 et seq. (the "FLSA").[3]

Pending is the Employees' motion for Court supervised

notification to employees of their opt-in rights under 29 U.S.C.

216(b).  For the following reasons, this motion will be granted.

---

[1]Original plaintiffs include Kevin Biddison, Tammy Saunders and Dixie Crouse.  On May 24, 2006 Paula L. Moses, Linda Sue Forrest and Harold Jacob Gibbons, Jr filed consents to become party plaintiffs in collective action under § 216(b).

[2]The employees have also sued Sandra Rippeon, alleged to be the sole or majority shareholder for CBM; Galen Rippeon, alleged to be a former sole or majority shareholder of CBM; Jennifer Cottrell, alleged to be the human resources director of CBM; and Larry Cottrell, alleged to be the human resources director of CBM.

[3]The Employees also bring this action under Md. Code Ann., Lab. & Empl. §§ 3-401 et. seq. and 3-501 et. seq.

I.   Background

     The Employees all perform cleaning or maintenance services
for CBM.  Compl. ¶ 6.  They allege that they have worked in
excess of 40 hours per week on a regular basis but have been paid
for this overtime work at their regular rate of pay, not the time
and a half to which they are entitled.  *Id*. at ¶¶ 7-10.  The
Employees brought this action on October 17, 2005.

II.  Analysis

     The Employees have moved for an order under court
supervision permitting notice to employees of their opt-in
rights.  They argue that they are entitled to such an order
because § 216(b) of the FLSA authorizes plaintiffs to bring an
action for and in behalf of themselves and other similarly
situated employees.  *See* Affidavit Respecting Notice under §
16(b) by Michael J. Snider at ¶ 2 ("§ 16(b) Snider Aff.").  CBM
counters that the Employees have not sufficiently: 1) alleged
that the potential class members are similarly situated and 2)
demonstrated that the Employer had any policy or scheme of
wrongdoing.  Opp'n. Mem. at 2.

     Section 216(b) states that an action may be "maintained
against any employer. . . by any one or more employees for and in
behalf of himself or themselves and other employees similarly
situated."  29 U.S.C. § 216(b).  It further provides that "[n]o
employee shall be a party plaintiff to any such action unless he

2

gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id*. The section thus establishes an "opt-in" scheme in which potential plaintiffs must notify the court of their desire to become a party. *Camper v. Home Quality Management Inc.*, 200 F.R.D. 516, 519 (D. Md. 2000).

"[D]istrict courts have discretion, in appropriate cases, to facilitat[e] notice to potential plaintiffs." *Id.* (*citing Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 169). The issue, therefore, is not "whether the Court has discretion to facilitate notice, but whether this is an appropriate case" for the exercise of such discretion. *Camper*, 200 F.R.D. at 519.

Chief Judge Legg and Judge Blake in this District have found that a "plaintiff should be required 'to make a preliminary factual showing that a similarly situated group of potential plaintiffs exists' before court assistance is granted." *Id*. (*quoting D'Anna v. M/A-COM, Inc.*, 903 F.Supp. 889, 893-94 (D. Md. 1995).

The Employees must submit evidence establishing at least a colorable basis for their claim that a class of similarly situated plaintiffs exists. *Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 266 (D. Minn. 1991). Mere allegations in the complaint do not sufficiently allege that such a group exists; some factual showing via affidavit or otherwise must be made.

3

*Camper*, 200 F.R.D. at 519, *D'Anna*, 903 F.Supp. at 893-94; *see*
*Marroquin v. Canales*, 236 F.R.D. 257, 259 (D. Md. 2006) (an
adequate factual showing by affidavit may suffice), *Realite v.*
*Ark Restaurants Corp.*, 7 F.Supp.2d 303, 307-08 (S.D.N.Y.
1998)(ten affidavits submitted by plaintiffs alleging failures to
pay overtime is a sufficient factual showing).

In *D'Anna*, the plaintiff's factual support for a class
subject to age discrimination was insufficient because the
plaintiff merely listed names of people who may have been
terminated. *D'Anna*, 903 F.Supp at 895. CBM argues that the
Employees' allegations are similarly supported by mere
generalized and conclusory statements in accompanying affidavits
submitted by their counsel. Opp'n Mem. at 5 (discussing § 16(b)
Snider Aff).

The Employees allege that CBM has failed to pay proper wages
for overtime hours by (1) paying regular wages instead of time
and a half for some overtime hours and (2) failing to pay for
other overtime hours. Compl. ¶ 1. The allegations are supported
by payroll records which show that the Employees were paid
regular wages for overtime hours worked. Reply Mem. Ex. 1.

Although courts often look for a company-wide policy before
approving court facilitated notice, here the Employees cannot be
expected to have evidence of a stated policy of refusing to pay
overtime. *See Marroquin*, 236 F.R.D. at 260-61. Here, the

4

Employees have alleged that their hours are maintained by CBM with an electronic system.  Compl. ¶ 29.  This system appears to apply the regular wage to all hours worked, including overtime hours.  Reply Mem. Ex. 1.  Accordingly, the Employees have sufficiently alleged the existence of a company-wide policy.

At the notice stage the district court decides whether notice of the action should be given to potential class members. *E.g., Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995).  Given the minimal evidence at this stage, this determination is made based on the lenient standard discussed above and typically results in "conditional certification" of a representative class.  *See id*. (discussing the application of a lenient standard).  Upon "conditional certification," putative class members are given notice and the opportunity to opt-in. *Id*.

This conditional certification does not preclude a motion for "decertification" by the defendant after discovery is largely complete and the matter is ready for trial.  *Id*.  At that stage, the court will have much more information on which to make a factual determination on the similarly situated issue.  *Id*.

At this stage the Employees' showing is sufficient for conditional certification of a collective action.

III. Conclusion

For the reasons stated above, the Court will grant the

Employees' motion.


September 27, 2006                    _____/s/_____
Date                                 William D. Quarles, Jr.
                                     United States District Judge