IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, NORTHERN DIVISION

DENISE M. BIDDISON, et al.,     *
                                *
        Plaintiffs,             *
                                *        CIVIL NO. WDQ-05-2841
        v.                      *
                                *
CBM MAINTENANCE, INC., et al.,  *
                                *
        Defendants.             *

*    *    *    *    *    *    *    *    *    *    *    *    *    *    *

MEMORANDUM OPINION

Denise M. Biddison and others (the "Employees") sued *inter alia*, CBM Maintenance, Inc. ("CBM") and Wells Fargo Bank, N.A. ("Wells Fargo") for a violation of the Fair Labor Standards Act ("FLSA")[1] and provisions of the Labor and Employment Article of the Maryland Code.[2]

Pending is Rick Robinson's Motion to Dismiss Count 3 of the Complaint, Wells Fargo's Motion to Dismiss the First Amended Complaint and Motion to Dismiss and/or Strike the Rule 23 Class Action Allegations, and CBM's Motion for Judgment on the Pleadings and Entry of an Order Dismissing Plaintiffs' Rule 23 Class Action Allegations.

For the following reasons, Robinson's motion will be denied, Wells Fargo's Motion to Dismiss the First Amended Complaint will

---

[1] 29 U.S.C. § 201 et seq. (2006).

[2] The Employees allege violations under Md. Code Ann., Lab. & Empl. §§ 3-401 et seq. and 3-501 et seq. (2006).

be granted, Wells Fargo's Motion to Dismiss and/or Strike the Rule 23 Class Action Allegations will be denied as moot, and CBM's motion will be denied.

I.   Background

The Employees all performed cleaning or maintenance services for CBM.  Am. Compl. ¶ 6.  They allege that they regularly worked in excess of 40 hours per week, but were not paid time and a half.  *Id.* at ¶¶ 7-10.  The Employees brought this action on October 17, 2005.

II.   Analysis

A.   Standard of Review

Under Federal Rule of Civil Procedure ("Rule") 12(b)(6), a motion to dismiss for failure to state a claim should be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Mylan Laboratories, Inc. v. Raj Matkari, et al.*, 7 F.3d 1130, 1134 (4th Cir. 1993).  The court "should view the complaint in a light most favorable to the plaintiff," and "accept as true all well-pleaded allegations." *Mylan*, 7 F.3d at 1134.  However, the court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), nor "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences,"

2

*Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (citation and internal quotation marks omitted).

In deciding a Rule 12(b)(6) motion, the court will consider the facts stated in the complaint and any incorporated documents. *Biospherics, Inc. v. Forbes, Inc.*, 989 F. Supp. 748, 749 (D. Md. 1997), *aff'd*, 151 F.3d 180 (4th Cir. 1998). The court may also consider documents referred to in the complaint and relied upon by the plaintiff in bringing the action. *Id.* Although the notice-pleading requirements of Rule 8(a)(2) are "not onerous," the burden is still on the plaintiff to allege facts that support each element of his claim. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003).

B.   Robinson's Motion to Dismiss Count 3

In Count 3, the Employees allege that Robinson failed to completely and timely pay wages, including overtime pay in violation of the Maryland Wage Payment and Collection Law ("MWPCL"). Am. Compl. ¶¶ 63-73. Robinson argues that there is no factual support for the Employees' allegation of untimely payment. Robinson notes that § 3-502 of the MWPCL requires employers to set regular pay periods and to pay employees once every two weeks or twice a month. Md. Code Ann., Lab. and Empl. § 3-502 (2006).

Section 3-401 of the Maryland Wage and Hour Law ("MWHL") requires overtime payment in certain circumstances. *Id.* § 3-401

3

(2006).  Robinson asserts that the Amended Complaint alleges overtime payment at improper rates, not that the Employees performed work for which they were not timely paid.[3]  Thus, Robinson argues their claim under the MWPCL should be dismissed.

The Employees counter that the Amended Complaint contains factual allegations to support their claim under the MWPCL. Specifically, the Employees cite ¶¶ 40, 64, 72 and 15 which allege that the Employees were not "completely and timely [paid] wages," and ¶¶ 10-13 which allege that several employees "worked hours in excess of 40 hours per week without receiving any overtime pay or other wages for those overtime hours that [they] worked."  Am. Compl. ¶¶ 10-13.  Further, the Employees argue that if Count 3 is deficient they should have the opportunity to amend the complaint, and Robinson's motion should be treated as one for a more definite statement.  Pl.'s Resp. Mem. at 4.

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *see also Jordan v. Western Distributing Co.*, 286 F. Supp. 2d 545, 550 (D. Md. 2003).  Thus, the pleading is

---

[3]Robinson cites ¶¶ 7-13 of the Amended Complaint which states that "[employees] work[ed] in excess of 40 hours per week on a regular basis; however [they] received overtime pay . . . at [their] regular rate of pay, not at time and a half."  Paragraphs 10-13 include an additional sentence that states "In addition, [employees] worked hours in excess of 40 hours per week without receiving any overtime pay or other wages for those hours that [they] worked."

intended to give fair notice to the opposing party so it may properly respond to and/or defend the claim.  Fed. R. Civ. P. 8(a)(2); *see also Migdal v. Rowe Price-Fleming Int'l, Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001).

The allegations in Count 3 of the Amended Complaint place Robinson on notice of the Employees' MWPCL claim.  The Employees make several allegations to support their assertion that they were untimely paid.  Whether the Employees establish their claim may be addressed later in the proceedings after discovery. Therefore, the motion to dismiss Count 3 of the amended complaint will be denied.

> C.  Wells Fargo's Motion to Dismiss Plaintiffs' First Amended Complaint and Motion to Dismiss and/or Strike the Plaintiffs' Rule 23 Class Action Allegations

The Employees contend that Wells Fargo is a "joint employer," and thus liable for violating the FLSA.  The Employees allege that Wells Fargo owns or controls office space where CBM employees provided maintenance services, and that it was directly or indirectly responsible for the conditions of employment. Pl.'s Resp. Mem. Ex. 2.  Specifically, the Employees note that Wells Fargo had requested the dismissal of an employee working on its premises, and the request was granted.  *Id.* Ex. 3.

Wells Fargo counters that the Amended Complaint fails to factually allege that it is a joint employer.  Wells Fargo acknowledges that CBM employees cleaned its workspace, but

asserts that it did not have a contract with CBM for those services.  Wells Fargo's Supp. Mem. at 3 n.4.  Rather, the cleaning contract was between CBM and the property management company or property owner, which are unrelated to Wells Fargo. *Id.*  Moreover, Wells Fargo argues that the Employees admitted in the Amended Complaint that CBM "had the authority to control the payment of Plaintiffs' wages and to terminate their employment. . ."  *Id.* at 4-5 (Am. Compl. ¶¶ 19, 23, 31, 33-34, 37-38).  Wells Fargo asserts that it had no ability to influence the Employees' wages or to terminate their employment.  *Id.*

Under FLSA regulations, a joint employment relationship exists "if the facts establish that the employee is employed jointly by two or more employers, i.e., that employment by one employer is not completely disassociated from employment by the other employer(s)."  29 C.F.R. § 791.2(a) (2006).  A joint employment relationship exists in situations such as when:

> (1) there is an arrangement between the employers to share the employee's services . . . ;
>
> (2) one employer is acting directly or indirectly in the interest of the other employer (or employers) in relation to the employee; or
>
> (3) the employers are not completely disassociated with respect to the employment of a particular employee and may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under common control with the other employer.

29 C.F.R. § 791.2(b).

6

Courts look at the "economic reality" of the relationship between the workers and their putative employer to determine if a joint employment relationship exists.  *Rutherford Food v. McComb*, 331 U.S. 722 (1947).  This analysis considers: the nature and degree of control over the workers; the degree of direct and indirect supervision over the work and ownership of the property; the right to hire and fire workers; and the facilities where the work occurred.  *Heath v. Perdue Farms, Inc.*, 87 F. Supp. 2d 452, 457 (D. Md. 2000) (*quoting Ricketts v. Vann*, 32 F.3d 71, 76 (4th Cir. 1994)); *see also United States v. Silk*, 331 U.S. 704 (1947). However, the ultimate determination of joint employment status must be based on the "circumstances of the whole activity." *Schultz v. Capital Intern. Sec., Inc.*, 466 F.3d 298, 306 (4th Cir. 2006).

Based on the facts conceded by the Employees, Wells Fargo is not a joint employer: Wells Fargo leased the premises where the cleaning services were provided, did not contract with CBM for those services, did not hire or fire[4] the workers, or control the rate and payment of their wages.  CBM's bare allegation that Wells Fargo controlled CBM's employees is insufficient.  Am. Compl. ¶¶ 24-25.  Thus, the Amended Complaint should be dismissed

---

[4] The Employees argue that Wells Fargo successfully requested the dismissal of Dixie Crouse, and thus, it controlled their employment conditions.  A one time request for removal of an employee is not authority to hire and fire workers under the FLSA. *See* Pl.'s Resp. Mem. Ex. 3.

as to Wells Fargo.

Accordingly, its Motion to Dismiss and/or Strike the Plaintiffs' Rule 23 Class Action Allegation will be denied as moot.

> D.   CBM's Motion for Judgment on the Pleadings and Entry of an Order Dismissing the Plaintiffs' Rule 23 Class Action Allegations

CBM contends that the Plaintiffs' Rule 23 class action allegation should be dismissed because a state law opt-out class action[5] cannot co-exist with a opt-in FLSA collective action.[6] Well Fargo's[7] Supp. Mem. at 8-16.  CBM argues that permitting dual certification would be economically impracticable and conflict with adjudication of the FLSA class action claims.  *Id.* CBM also argues that the Employees cannot satisfy the requirements of Rule 23(a) because joinder is practicable and a FLSA opt-in collection action is superior to a Rule 23 class action.  *Id.* at 5-9.

The Employees counter that CBM's motion is premature because a motion for class certification has not been filed.  Pl.'s Resp.

---

[5] *See* Fed. R. Civ. P. 23(c)(3)(each member of the class is bound by the court's judgment unless the class member requests exclusion from the class).

[6] *See* 29 U.S.C. § 216(b) (stating that "no employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed").

[7] CBM has adopted Wells Fargo's Motion to Dismiss and/or Strike Plaintiffs' Rule 23 Class Action Allegations and support memoranda.  CBM's Supp. Mem. at 1.

Mem. at 4.   Nonetheless, the Employees assert that the FLSA action and state law remedies are entirely separate and that they have a right to pursue both.   Moreover, the Employees argue that joinder is impracticable, and they have satisfied the numerosity requirement of Rule 23(a) because at least 30 employees would be included in the class.   *Id.*

The Employees' Rule 23 class action can be considered with the FLSA collective action.   Although class action procedures established by Rule 23 do not apply to a wage and hour claim made under the FLSA, *Zelaya v. J.M. Macias, Inc.*, 175 F.R.D. 625, 626 (E.D.N.C. 1997), certification of a Rule 23 class for state law claims and a FLSA class under § 216(b) has been permitted, *Westfall v. Kendle Int'l., CPU, LLC*, et al., 2007 WL 486606, * 11 (N.D.W.Va. 2007) (*citing McLaughlin v. Liberty Mut. Ins. Co.*, 224 F.R.D. 304, 308 (D. Mass. 2004) (granting certification of state law claims after FLSA certification had been granted)).   Thus, the Employees state law claims are distinct from their FLSA claims.

The Employees have not filed a motion for class certification under Rule 23.   Until the Employees file such a motion, the merits of their Rule 23 class certification will not be addressed.   Thus, CBM's Motion for Judgment on the Pleadings and Entry of an Order Dismissing Plaintiffs' Rule 23 Class Action Allegations is premature and will be denied.

9

III. Conclusion

For the reasons discussed above, Robinson's motion will be denied, Wells Fargo's Motion to Dismiss the First Amended Complaint will be granted, Wells Fargo's Motion to Dismiss and/or Strike the Rule 23 Class Action Allegations will be denied as moost, and CBM's motion will be denied.


September 12, 2007                    _____/s/_____
Date                                 William D. Quarles, Jr.
                                     United States District Judge